IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOEHRINGER INGELHEIM                )
PHARMACEUTICALS INC.,               )
BOEHRINGER INGELHEIM                )
INTERNATIONAL GMBH,                 )
BOEHRINGER INGELHEIM                )
CORPORATION and BOEHRINGER          )
INGELHEIM PHARMA GMBH & CO.         )
KG,                                 )
                                    )   C.A. No. _____
          Plaintiffs,               )
                                    )
     v.                             )
                                    )
APOTEX INC. and APOTEX CORP.        )
                                    )
          Defendants.               )

**MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL**

Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation ("Plaintiffs") respectfully move pursuant to Federal Rules of Civil Procedure 5.2 and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, for an order that their Complaint against Apotex Inc. and Apotex Corp. ("Defendants") be filed under seal. The bases for this Motion are set forth below.

1.     This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where

they are sources of business information that might harm a litigant's competitive standing."

*Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.,*

435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . .

commercial information" as one category of information that can be protected via court order); *see*

*also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good

cause to seal documents "to protect the parties' confidential proprietary business and competitive

interests").

2.      The Complaint refers in Paragraphs 33 and 34 to information that Plaintiffs believe

Defendants may consider confidential, proprietary, and commercially sensitive business

information relating to Defendants' ANDA product.  Therefore, Boehringer respectfully requests

that it be permitted to file and maintain its Complaint under seal, and respectfully requests that the

Court enter the Proposed Order submitted herewith.

3.      In accordance with D. Del. LR 5.1.3 and the District of Delaware Administrative

Procedures Governing Filing and Service by Electronic Means Section (G)(1), Plaintiff shall

submit a redacted version of its Complaint within seven (7) days after filing of the sealed

Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Jeanna M. Wacker
Sam Kwon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

Bryan S. Hales
Andrew B. Walter
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

June 23, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

3